C. J. S. BOOKER v. H. C. ELLER, JR., ET AL.

(Filed 5 May, 1909.)

**Notes—Joint Principals—Fraud as to One, Valid as to the Other.**

In an action upon a note, when it appears from its face that it was signed by two persons as joint principals, and the jury have found it was obtained by fraud as to one, but was valid as to the other, as to whom there was no evidence that fraud had been used, a judgment upon the note in plaintiff's favor and against such other principal was properly rendered.

ACTION upon a note, tried before *Justice, J.,* and a jury, at January Term, 1909, of WILKES.

The defense was that the note, appearing upon its face to have been made by two joint principals, H. C. Eller, Jr., and H. C. Eller, Sr., was procured by the false and fraudulent. representations of the plaintiff. The jury found that it was fraudulent as to H. C. Eller, Jr., but not as to H. C. Eller, Sr., and judgment was rendered accordingly in plaintiff's favor against H. C. Eller, Sr., who excepted and appealed.

*Finley & Hendren* for plaintiff.

*W. W. Barber* for defendant.

WALKER, J. This action was brought to recover the amount of one of a series of notes executed by H. C. Eller, Jr., and his father, H. C. Eller, Sr., to the plaintiff. The defendants admitted the execution of the notes, and alleged that they were procured by fraudulent representations made by the plaintiff. We need not inquire whether the fraud is sufficiently pleaded, as we are of the opinion that there was no error committed by the court in its refusal to sign the judgment tendered by the defendants in. rendering the judgment, which appears in the record.

The note in controversy is as follows:

$84.　　　　　　　　　　WILKESBORO, N. C., May 31, 1901.

August 20, 1901, after date, I promise to pay to the order of C. J. S. Booker eighty-four dollars, value received.

H. C. ELLER, JR.

H. C. ELLER, SR.

The court submitted certain issues to the jury, which, with the answers thereto, are as follows:

1. "Were the notes sued upon procured from H. C. Eller, Jr., by the false and fraudulent representations of the plaintiff?" Answer: "Yes."

2. "Were the notes sued upon procured from H. C. Eller, Sr., by the false and fraudulent representations of the plaintiff?"

The jury, under instructions of the court, answered "No."

It will be seen that the jury found in favor of the defendant H. C. Eller, Jr., and against the defendant H. C. Eller, Sr. The defendant H. C. Eller, Sr., by his counsel, tendered a judgment to the effect that the plaintiff was not entitled to recover as to him upon the verdict. The judge refused to sign the judgment, but signed a judgment as above set forth.

The defendant H. C. Eller, Sr., did not request the court to give any instructions to the jury, so far as appears in the case, although he relied, in argument, upon the defense that he was a surety for his son, H. C. Eller, Jr.; and if the note is void as to him, as principal, it is also void as to H. C. Eller, Sr., as surety. The evidence as to whether H. C. Eller, Sr., was merely a surety is vague and unsatisfactory. Upon the face of the note he appears to be a principal. But we need not complicate a simple case by any consideration of this question. We are restricted to the assignments of error. The jury have found that H. C. Eller, Sr., was a principal and that as to him there was no fraud. There is not a particle of evidence that he was influenced by any fraudulent representation to sign the note, even if in the state of the record we are permitted to go behind the verdict. It all comes to this: that the jury have found that H. C. Eller, Sr., made a valid contract to pay the plaintiff the sum of money which he claims in this action, and we are unable to see why, upon the verdict, he is not entitled to judgment.

No Error.